**FILED**

SEP 2 9 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  Maynard E. Bumagat, Pro per
2  341 Carolina Street, #B
   Vallejo, CA 94590
3  707-674-7758 **980-4062**
   maynardbumagat@gmail.com

4

5              UNITED STATES DISTRICT COURT

6                      FOR THE

7              EASTERN DISTRICT OF CALIFORNIA

8                          2:17 - CV   2 0 2 2-KJM- AC PS

9  Maynard Edralin Bumagat,        | Civil Action No: _____
                                    |
10            Plaintiff,            | CIVIL RIGHTS COMPLAINT
                                    |
11       vs.                        | 42 U.S.C. § 1981;
                                    | 42 U.S.C. § 1988;
12  City of Vallejo Police Dept.    | 42 U.S.C. § 1983;
                                    | 42 U.S.C. § 1985;
13  Detective Terry Shillinger in   |
                                    | 18 U.S.C. § 241;
14  his individual and professional | 18 U.S.C. § 242;
                                    |
15  capacity; City of Vallejo Chief | FIRST, FOURTH, SIXTH,
                                    | FOURTEENTH AMENDMENT
16  of Police Andrew Bidou in his   | OF THE UNITED STATES
                                    | CONSTITUTION;
17  individual and professional     |
                                    | CALIFORNIA CONSTITUTION:
18  capacity; City of Vallejo Police| ARTICE 1 §§ 1, 7;
                                    |
19  Lt. Commander Jeff Basset in his|
                                    |
20  individual and professional     | TRIAL BY JURY DEMANDED;
                                    |
21  capacity; Solano County Child
22  Protective Services Social
23  Worker Amy Furlong in her
24  professional and individual
25  capacity; Solano County Child
26  Protective Services Supervisor
27  in his professional and
28  individual capacity; Solano

1  County District Attorney,

2  Prosecutor Krishna A. Abrams in

3  her professional and individual

4  capacity;  Solano County

5  District Attorney Deputy Adams

6  C. Wright in his professional

7  and individual capacity;

8  Private person Henry Soliman in

9  his individual capacity; County

10 of Solano as municipality,  City

11 of Vallejo as municipality; and

12 DOES 1-10, inclusive,

13          Defendant(s)

14

15

16                    **FIRST AMENDED COMPLAINT**

17

18 Plaintiff in the above captioned action, allege(s) as follows;

19

20                        **INTRODUCTION**

21         This is a civil action seeking relief and or damages

22 to defend the rights guaranteed by the Constitution of the

23 United States.  This action arises from an unreasonable seizure

24 of Plaintiff's person on September 9, 2016, by law enforcement

25 detective, employed by the City of Vallejo, who abused his

26 authority by providing information regarding his investigation

27 that was false and incomplete for the purpose of asserting

28 Plaintiff with violation of PC 288(a) oral copulation with a

minor; and as to protect his egregious unlawful detention, arrest, and imprisonment of Plaintiff in violation of his clearly established rights under the Fourth Amendment Unreasonable Seizure of his person. Plaintiff is suing the Defendant County municipalities, agency, employee, agent, and or assigns for failing to while having the power and opportunity to prevent injury and protect the rights of Plaintiff in the manner of which the laws and regulation was implemented and carried out throughout the State of California.  With respect to Plaintiffs' claim brought pursuant to 42 U.S.C. § 1983, Plaintiff seeks a judgment for an award of both compensatory and punitive damages against each of the law enforcement officers and social workers who conspired with each other for the purpose of depriving Plaintiffs of their rights to due process and the equal protection of the laws. With respect to Plaintiffs' state law claims, Plaintiff seeks a judgment for an award of both compensatory and punitive damages against each of the law enforcement officers, social workers, and as to the City of Vallejo and to the County of Solano, a judgment for an award of compensatory damages pursuant to Cal. Gov. Code § 815.2 and reasonable compensation for the damages incurred pursuant to municipal liability claim.

Plaintiff is also suing Mr. Soliman in his individual capacity for reporting unfounded allegations of child abuse to the CPS social workers and to the VPD law enforcement officers in violations of Plaintiffs due process to Family integrity under the Fourteenth Amendment.

## JURISDICTION AND VENUE

1.     This court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C §§ 1331 and 1343.   This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.     The acts and omissions giving rise to Plaintiffs claims occurred within the Solano County limits and therefore, the appropriate venue for this action  is in the United States District Court for the Eastern District of California.

### PARTIES

3.     Plaintiff Maynard Bumagat (hereinafter "Maynard") is a resident of City of Vallejo and at all material times referred to herein is the lawful husband to the biological mother of the subject child., a minor (hereinafter "S.D.S.")

4.     Lorna Monsalud (hereinafter "Lorna") is a resident of City of Vallejo and the lawful wife to Maynard.  Lorna is the biological mother of the subject child who is a minor (hereinafter "S.D.S").  Lorna has the primary custody of S.D.S.

5.     Defendant Amy Furlong (hereinafter "Amy") upon information is a resident of City of Fairfield, and at all material times referred to herein, was acting within her scope of employment, under color of authority for the County of Solano, as a social worker at the Solano County Child Protective Services (hereinafter "CPS"). Upon information Amy

is charged with conducting a thorough investigation on reported suspicions of child abuse.

6.      Defendant Det. Terry (hereinafter "Det. Terry") upon information is a resident of City of Vallejo, and at all material times referred to herein, was acting under color of law, and within his scope of employment as a Detective law enforcement officer for the City of Vallejo Police Department (hereinafter "VPD").

7.      Defendant City of Vallejo, is a public entity, largest city located in the southern Solano County (hereinafter "City"), duly organized and existing under the laws of the State of California. The City of Vallejo contains the Vallejo Police Department ("VPD") which is not a separate legal entity from the City of Vallejo.

8.      Defendant Solano County is a municipal corporation ("County") duly organized and existing under the laws of the State of California; The County has jurisdictions over the City of Vallejo and City of Fairfield which the County seat.

9.      Defendant Henry Soliman (hereinafter "Mr. Soliman") is a private individual, biological father of S.D.S. Upon information is a resident of City of Fairfield.

10.     Defendant Andrew Biduo is the Chief of Police for the City of Vallejo. Upon information is a resident of City of Vallejo. Upon information Andrew Bidou works directly with the City and also takes part in the design, management, evaluation, and directs of all law enforcement activities; and assure that the law and order are maintained in the area of

his jurisdiction; including the duty and responsibilities to ensure the implementation of goals, objectives, policies, procedures, and standards for the VPD.

11.     Defendant Jeff Basset is the Lieutenant Commander for the City of Vallejo Police Department. Upon information is a resident of the City of Vallejo. Upon information and belief Jeff Basset is responsible for the planning, supervising and reviewing the activities of all personnel under his command; also responsible for directing or personally investigating citizens complaints about Police personnel conducts and services; including supervising the investigation an ensuring that proper police actions and safety measures are enforced.

12.     Defendant Krishna A. Abrams is the County of Solano District Attorney and Prosecutor employed by the City of Vallejo. Upon information is a residence of the City of Vallejo.

13.     Defendant Adams C. Wright is the County of Solano Deputy District Attorney and Prosecutor employed by the City of Vallejo. Upon information is a residence of the City of Vallejo.

14.     The true names and capacities of the defendant Does 1-10, inclusive, are unknown to the Plaintiff at this time.  Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants designated as Doe acted wrongfully or negligently and is responsible in some fashion for Plaintifs' injuries as herein alleged.

15.    Plaintiff is further informed and believes that at all relevant times, said Doe defendant were agents and/or employees of the other named co-defendants and at all times mentioned herein and at all other relevant times in doing the things alleged in this complaint were acting within the course and scope of said agency and/or employment.

14.    Plaintiff is further informed and believes that at all relevant times, said Doe defendants were acting under color of law, authority, custom and usage of the Constitution and laws of the United States, the laws of the State of California and City.  Plaintiff will amend this complaint to substitute the true names of such defendants if and when the identity or and/or facts giving rise to a claim against said Doe defendants or any one of them is ascertained.

15.    Plaintiff is further informed and believes that at all times mentioned herein and at all other relevant times, each and every defendant was the agent, servant, employee and/or representative of each and every other defendant and in doing the things herein complained of, was acting within the course and scope of said agency, service, employment and/or representation, and each and every defendant is jointly and severally liable for all injuries and resulting damages incurred by Plaintiff.

**OTHER PRELIMINARY ALLEGATIONS**

16.    PLAINTIFF DEMAND A TRIAL BY JURY

17.    On October 17, 2016, Plaintiff filed a Citizen'z Complaint against Det. Terry with Vallejo Police Department's

website. (Exhibit: 1) The complaint described Det. Terry's conduct complaint herein including but not limited to making the arrest without conducting a thorough investigation. Sometime in the following week after submitting the complaint, Plaintiff received a telephone call from a VPD superior, who identified himself as Lt. Commander Jeff Basset, who had verbally informed Plaintiff that their investigation revealed that Det. Terry action conformed with the departments policy and procedures. The conversation lasted approximately a little over one minute and without adequate information and explanation on their investigation and findings to the decision of exonerating the complaint filed against Det. Terry. No written report was sent to Plaintiff regarding the departmental investigative action and findings from the formal complaint filed by Plaintiff against Det. Terry.

19.   On February 13, 2016, Plaintiff's former counsel, Attorney James Cook of John Burris Law firm, mailed a claim for money damages including an Out Of Court Settlement Offer letter, and a Demand for Preservation of Evidence to Claudia Quintana, City of Vallejo Attorney, at 555 Santa Clara Street, 3rd floor, Vallejo California 94590.

20.   On February 13, 2016, Plaintiff's abovementioned former counsel, mailed a claim for money damages including an Out of Court Settlement Offer letter and a Demand for Preservation of Evidence to the Solano County Board of Supervisors, 675 Texas Street, 6th floor, suite 6500, Fairfield California 94533.

21.   The claim was based upon and described the same events for which Plaintiff seeks compensation as herein alleged.  The claim alleged and stated, among other things that on September 9, 2016 Plaintiff was subjected to false arrest by the city of Vallejo Police officers, as identified on the claim, without cause or justification.

22.   On March 1, 2017, Plaintiffs' abovementioned former attorney, received a Rejection of Claim Notice, dated February 13, 2017 signed by Lisa M. Lillemoe, a Senior Claims Adjuster for the County of Solano

23.   On February 27, 2017, Dennis Bunting, Solano County Counsel, sent a MEMORANDUM in response for the Solano County Board of Supervisors to the Plaintiff's Out of Court Settlement Offer.  Dennis Bunting declined Plaintiff's out of court settlement offer claiming their review of the records revealed no evidence of wrong doing by any county employee (Exhibit  2 ) and specifically addressed that social worker Amy Furlong properly performed her reporting and investigative duties under Penal Code Section 11166 (j) and Welfare and Institutions Code Section 16500 et seq.

24.   On March 24, 2017, Plaintiffs' abovementioned former counsel received Rejection of State Tort Claim, dated February 16, 2017, signed by Erika Leahy, City of Vallejo Risk Analyst.  (see Exhibit:  3  )

**STATEMENT OF FACTS**

25.     About 3:00 p.m., of September 8, 2016,
Plaintiff's neighbor noticed a speeding car suddenly stopped
at the driveway and two Caucasian males quickly emerged in
civilian clothes with visible handgun attached to their belt,
and was observed looking over the fence and into Plaintiff's
place of residence, commonly known as 341 Carolina Street,
Apt. #B, Vallejo, CA 94590 .  Plaintiff and his wife upon
being informed by neighbor of the event, and not having any
ideas why the police be looking over the yard and into their
home - gave neighbor instruction to direct the police officer
to the Plaintiff's place of employment if they return.

26.     On September 9, 2016, Plaintiff received a
phone call and was notified by neighbor that the police had
returned and had just left on their way to Plaintiff's place
of employment. Neighbor also ascertained Plaintiff that the
police are specifically looking for the both Plaintiff and his
wife. Plaintiff immediately informed his wife and waited on
their arrival.

27.     The officers arrived on or around 11:30 a.m. at
5201 Sonoma Boulevard, Unit # 7, commonly known as Island
Pacific Seafood Market where Plaintiff and his wife were both
employed. The officers approached Plaintiff in his office, at
that time Plaintiff's wife was on the phone in another room.

28.     Det. Terry entered the office and immediately
after seeing Plaintiff loudly said: "Maynard! There you are!
We've been looking for you!" Plaintiff asked: "What can I do
for you?" Det. Terry immediately said: "Did you hurt the
child?" Plaintiff asked if the Detective was referring to his

stepson and inquired as to when was that supposedly had happened.  Det. Terry responded: "a week ago" or words to that effect.  Plaintiff responded: "I don't think so".  Immediately after Plaintiff denied hurting his stepson, Det. Terry repeated Plaintiff's response ("you don't think so?") and Plaintiff reassured the Detective and said: "Yes, I don't think so"

29.    Subsequently, Det. Terry invited Plaintiff to Vallejo Police Department to answer some questions.  Plaintiff accepted the invitation and offered to comply immediately after his work.

30.    Det. Terry, then said: "I didn't want to do this but you forced me to" or words to that effect. Det. Terry ordered Plaintiff to stand up and turn around and initiated the arrest.

31.    While Det. Terry was handcuffing Plaintiff, Plaintiff asked: "why are you arresting me? I said I was going to see you after work?" or words to that effect. Det. Terry replied: " I don't have the time". Plaintiff was escorted through the building entrance toward their vehicle parked in the front parking lot.

32.    Plaintiff was placed inside the vehicle, immediately after Det. Terry and his unknown companion entered the vehicle – Det. Terry shouted at Plaintiff: "you are under arrest for sucking a dick of a minor under the age of 14 and you'll be looking 12 years in jail!" or words to that effect. Plaintiff was surprised by the accusation and said: " you got to be kidding me?! Are you serious? Did Henry do this?" Det.

Terry said:"you don't need to know", plaintiff asked Det.
Terry if he has a warrant for the arrest, Det. Terry replied:
"you watch too much t.v.!" then drove off while looking back
and forth at plaintiff and back to the road with an aggressive
posture and demeanor.

33.      As the vehicle was moving, Det. Terry demanded
in an angry tone of voice: "we are going to your house, and
you will let us inside!" or words to that effect, Plaintiff
asked: "for what?", Det. Terry replied: "to search for things
that wasn't supposed to be there, like videos of young boys
that you sell over the internet" or words to that effect.
Plaintiff responded: "sure, do you have a warrant?" Det. Terry
stopped the vehicle and immediately with an angry look on his
face and tone of voice said: "so, you know the law, huh?! I
bet you've been down this same road before, where? What city?"
or words to that effect. Plaintiff realizing the seriousness
of the accusations and the Detective's demeanor towards him,
Plaintiff said: "I want a lawyer, and to be brought before a
magistrate or a judge" or words to that effect. Det. Terry
responded: "so, I better read you your Miranda rights" or
words to that effect, and recited the Miranda (he's facial
expression seemed disgusted while looking straight at
Plaintiff as he recited).

34.      After Det. Terry recited the Miranda, Plaintiff
informed him of his diabetic condition and the must of having
meal on time, and the time of last meal taken was at 7:00
a.m., Det. Terry responded: "are you talking to me? you asked

for a lawyer, you can't talk to us now" or words to that effect.

35.     Det. Terry drove Plaintiff to Vallejo Police Department, arriving at the station on or around 12:00 noon Plaintiff asked for his rights to make a call and also reminded Det. Terry of his diabetic condition and not having any meal since 7 o'clock that morning. Det. Terry walked away, ignored Plaintiff's requests and  left Plaintiff in a room, without his consent, unattended for a period of time.

36.     Plaintiff was left alone and was ignored from the time Det. Terry detained Plaintiff in the room at or around 12:00 noon despite of Plaintiffs demands to make phone calls. Plaintiff didn't consent to the detention at all times.

37.     At 2:00 p.m., Det. Terry gave Plaintiff a bar of rice crispy, and again was ignored throughout the detention and was denied of making a call.

38.     At or around 4:00 p.m., the transport officer arrived to bring Plaintiff at Fairfield County Jail for booking.  Plaintiff was handcuffed and placed inside the patrol car. Plaintiff informed the Officer that the handcuffs were too tight but the officer ignored Plaintiff and continued to drive.  On the way to Fairfield County Jail, Plaintiff informed the transport officer of his diabetic condition and not having a meal since 7 o'clock that morning. The officer told Plaintiff that he will be provided a meal at the place he's heading to.

39.     Plaintiff arrived at Fairfield County Jail approximately 4:15 p.m., Plaintiff wasn't immediately booked

upon arrival, Plaintiff waited on a bench for another 15
minutes or so, at that time, Plaintiff was experiencing severe
hunger and headaches, by the time Plaintiff was called by the
officer at the door (receiving officer) Plaintiff immediately
tried to explain his medical condition and not having a meal
since 7:00 a.m., but the officer didn't want to hear more and
said: "not my problem". Plaintiff was ordered to do a series
of things as the officer patted him and inspected his
clothing.  Plaintiff was subsequently placed back to the
bench.

40.      Due to the Plaintiffs worsening condition from
hunger and diabetis, Plaintiff laid down on the bench, while
handcuffed, hopping that the process would be quick and that
he will have his phone call and perhaps something to eat.
Suddenly, both arms were grabbed and abruptly pick plaintiff
up to his feet as he was being dragged into a room.  Plaintiff
feeling like passing out from the sudden movement, heard one
of the two officers who was dragging him into the room
braggingly said: "I don't want him to start feeling
comfortable!" and the two officers laughed.

41.      Plaintiff was seated inside the room and the
two officers stood in front starring at Plaintiff, while they
have one hand over their gun at waistline, creating an
intimidating atmosphere as if Plaintiff will attempt to escape
or harm anyone. While seated and waiting feeling dizzy and
hungry, plaintiff tried to rest the back of his head on the
chair, and one of the two officers that had brought him in the
room ordered plaintiff in an aggressive tone of voice to sit

up straight which plaintiff did.  The lady who appeared to be
a medical personnel asked Plaintiff's medical history and
checked his blood pressure and sugar level.  Based on her
findings, Plaintiff was rejected for incarceration and was
recommended to be brought to North Bay Hospital until
condition has stabilized.

42.        Plaintiff was immediately transported to North
Bay Hospital, where Plaintiff was given medications for high
blood pressure and high blood sugar level.  Plaintiff was
handcuffed to a hospital bed from time of arrival, provided
only with water, and was denied from making phone call
despite of Plaintiff's repeated demand to the transport
officer.  While Plaintiff was left inside a room, Plaintiff
overheard several conversations by the transport officer with
a female hospital staff member and another officer who arrived
at a later time at the hospital.  Plaintiff heard the
transport officer telling others that Plaintiff had performed
oral sex to a 4 year old child. And another conversation
involving the transport officer with a male hospital staff
member where the transport officer was asking to the
possibilities of quickening the stabilization of Plaintiff's
condition by administering additional injection of insulin and
inquiries on other ways to bypass the requirements in order to
bring Plaintiff back for incarceration, or words to that
effect.  Plaintiff realizing the ordeals he was going thru
broke in tears and was calmed down by a female hospital staff
whom Plaintiff believes to be a supervisor or someone with
similar position to a supervisor, Plaintiff told her that he

has been denied of rights to make call to his wife since his arrest at 11:30 a.m. Plaintiff was calmed down though was still denied from making the call to his wife.

43.     Plaintiff was subsequently released from the hospital and was transported back to Fairfield County Jail at approximately 11:00 p.m. and was booked and placed in a holding cell with an accessible phone, and where Plaintiff was handed with 2 sandwiches, a fruit and a paper cup.

44.     Plaintiff made several attempts to make call to his wife but were unsuccessful. Phones at the holding cell and anywhere within the jail facility for use by prisoners required an account to be purchased with an assigned pin number before any outgoing collect calls can go through. Plaintiff was not able to make contact with anyone throughout the night in jail.

45.     Upon information and belief, following the arrest on September 9, 2016, Lorna Monsalud met with Det. Terry, on or around 12:00 noon, at the Vallejo Police Department where Det. Terry informed and questioned her of the allegations against Plaintiff.  Upon information Det. Terry refused to believe any statements made by Lorna Monsalud during the questioning including but not limited to: 1) that her son never told her of such incident and the she doesn't have reasonable cause to believe the allegations against Plaintiff; 2) that her son statements were totally from a different event that were being wrongly placed. Such as the statement stating that her son reported the incident to her and she responded by telling Plaintiff not to do that again –

was totally misplaced and was referring to the night that the
Plaintiff in making a disciplinary action on her son by
removing the toy from the living room for not listening and
following bed time house rules, her went to Lorna and asked
for the return of his toy for accepting the condition to get
ready to sleep and during the process of Plaintiff returning
the toy, Lorna did say to Plaintiff "not to do that again."
Det. Terry, refused to believe Lorna's explanation and
insisted his personal belief that: "Children don't tell lies".
During the questioning, Lorna Monsalud discussed her concerns
for Plaintiff regarding his last meal and how it would affect
his diabetic condition and requested to speak with Plaintiff.
Det. Terry denied knowledge of Plaintiff's whereabouts while
knowing Plaintiff is confined in another room, and gave Lorna
a statement knowing it to be false stating that: "he doesn't
want to speak to anyone including you (Lorna) except to his
lawyer" or words to that effect.

46.     On September 9, 2016 Lorna Monsalud proceeded to
the residence of Henry Soliman in Fairfield, California to
pickup her son, S.D.S., after her meeting with Det. Terry.
Mr. Soliman was hesitated to return S.D.S. to Lorna Monsalud.
Social worker Amy Furlong advised not to return S.D.S. back to
his home while they conduct their investigation, according to
Mr. Soliman.  After a lengthy discussion with Mr. Soliman and
agreement to return S.D.S. with Mr. Soliman when Plaintiff is
released from jail, Lorna Monsalud was able to take S.D.S.
with her to their home.

47.        Upon information, in the evening of September 4, 2016, Henry Soliman heard the allegations from his son, and with that information he contacted CPS and made an appointment with social worker Amy Furlong to help determine if his son was telling the truth.  On September 8, 2016 and September 9, 2016, Henry Soliman secretly met with Amy Furlong with the child for an interview regarding the child's statement suggesting Plaintiff had performed an oral sex with the child, and that Lorna Monsalud has knowledge of the incident but failed to protect the child.

According to Henry Soliman, the second interview ended sometime after lunch time of September 8, 2016.  According to Henry Soliman there was a law enforcement officer, a lawyer and the social worker Amy Furlong who were present in the second day interview; and at the conclusion of the interview, Social worker Amy Furlong informed Mr. Soliman that they will be conducting an investigation and talk to Plaintiff regarding the alleged incident.

From September 4, 2016 through September 9, 2016, Henry Soliman has made excuses not to return the child and went to CPS without any attempt to make inquiry to Lorna and or Plaintiff about the allegations.

48.        The following day, September 10, 2016, Lorna Monsalud was able to make communication with Plaintiff and made bail through bail bonds for Plaintiffs release from jail. Plaintiff was scheduled to appear at City of Vallejo Superior Court on September 30, 2016.

49.     On September 10, 2016, Henry Soliman claimed he was told by Amy Furlong that his son is not allowed to come home where Plaintiff is around or near the child.  Lorna Monsalud was forced to leave her son with her sister at that time while Plaintiff and Lorna Monsalud seek legal advice regarding the situation.

50.     Plaintiff has contacted several law firms and consulted the situation including but not limited to contacting the Public Defender's Office.  Plaintiff had been informed that there was an entry on the record but does not seem that there were going to be any charges filed at that time and was advised to contact the social worker and find out if there was a court order preventing the child from returning home.

51.     Lorna Monsalud and Henry Soliman had tried to contact social worker Amy Furlong including her supervisor to make further inquiries.  Lorna Monsalud left several voice messages to Amy Furlong and her supervisor but did not get any return calls. Subsequently, Henry Soliman and Lorna Monsalud mutually agreed to return to former child custody agreement.

52.     On or about September 16, 2016, Amy Furlong contacted Lorna Monsalud inviting Lorna Monsalud to bring Plaintiff along for an interview. Plaintiff and Lorna Monsalud declined the invitation as advised from recent legal consultations.

53.     On September 20, 2016, Henry Soliman and Lorna Monsalud took the child to for a medical assessment with Andrea Vella at Uplift Family Services, in Suisun, California

regarding the allegations. The medical assessment results suggested that the child is a "happy child" and that there were no indication or whatsoever from the results of the assessments that the child was sexually molested.(Exhibit 4 )

54.    On September 30, 2016, Plaintiff went to the scheduled court hearing at City of Vallejo Superior Court. Plaintiff's case was not on the court's calendar.  Plaintiff went to the Court's Clerk Office where Plaintiff received a "Notice of Pending Prosecution" from Krishna A. Abrams, District Attorney, the notice stating among other things that "… As a result of said investigation, … no formal charges are being filed against the Defendant until further investigation…" (Exhibit 5 )

55.    Plaintiff was not exonerated and continues to make bail bonds payment to this day, Plaintiff had made inquiries with the bail bonds, and Clerks office of Vallejo Superior Court including the prosecutor's office but to his avail was unsuccessful in getting a relief.

56.    On October 13, 2016, 11:41 am, Plaintiff requested a copy of the police report prepared and submitted by Det. Terry concerning Plaintiff's arrest on September 9, 2016.  Plaintiff received an email from Ericka England, Vallejo Police Department on October 13, 2016 at 2:00 pm, stating among other things that "Your online Police Report Has Been Rejected… Vallejo PD cannot release the report… You will need to obtain it through a private attorney or your public defender." Plaintiff contacted the Public Defender's office

and was informed that their office has no access to
Plaintiff's files or to the police report.

57.     On October 17, 2016, Plaintiff filed a Citizen's
Complaint against Det. Terry through VPD's website.  The
complaint described the conduct of Det. Terry complained
herein including but not limited to failing to perform his
mandated duty to reasonably conduct an investigation. The
complaint was rejected through a phone call received by
Plaintiff from upon information and belief is someone who is
in a position of a supervisor or equivalent to a supervisor
who informed Plaintiff that Det. Terry has performed his
duties I n accordance to their departmental policy and
procedures. That is "make the arrest based solely on the
child's statement, without conducting further investigation."
Plaintiff asked where to find and get a copy of their
departmental policy and procedures… the person on the other
line responded: "I just told you"

58.     Without Plaintiff's consent or waiving of any
rights including his rights to a speedy trial, the prosecutor
has not made any effort to communicate with Plaintiff
regarding the allegation, findings and court schedules. To
this day, Plaintiff was not exonerated from bail. No evidence
supporting the allegation has been presented by the CPS and
Vallejo Police; and no scheduled court appearances or
complaint filed by the prosecutor for the Plaintiff's felony
arrest on September 9, 2016 for allegedly molesting his
stepson.

## STATEMENT OF INJURIES AND DAMAGES

59.      As a direct and proximate result of the above described unlawful arrest and unfounded allegation of child molestation, Plaintiff sustained both physical and emotional/psychological injuries and damages including but not limited to indignity, fear, apprehension, anxiety, mental anguish, severe emotional and psychological distress; Furthermore, injuries to Plaintiff's relationships with wife and step-son and damages to reputation and careers.  In addition, Plaintiff and his family incurred cost and liabilities including but not limited to attorney's fees, bail and other cost and expenses in asserting and defending the rights of Plaintiffs against the arbitrary violations of Plaintiff's federally protected rights and unfounded criminal charges for allegedly sexually molesting his step-son.

## CAUSES OF ACTION

### First Cause of Action

Violation of Civil Rights – 42 U.S.C § 1983

(Against Det. Terry in his professional and individual capacities)

(Unlawful Arrest, Deprivation of Rights)

60.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

61.   At all relevant times herein described, the conduct of Det. Terry was subject to 42 U.S.C § 1983.   At all relevant times herein described, Plaintiff had the right under the United States Constitution to be secure in his person and effects against unreasonable searches and seizures via the Fourth Amendment, and Fourteenth Amendment Liberty Interest.

62.   Plaintiff, allege and contend that under the totality of the circumstances amounting to Plaintiffs arrest on September 9, 2016, Det. Terry actions were objectively unreasonable.   In particular, at that time, Det. Terrys' investigation was incomplete and biased against Plaintiff and his wife, and there was no conclusive evidence to support the accusation and to arrest Plaintiff. Under the totality of the circumstances amounting to the incident of Plaintiffs arrest, Det. Terry lacked sufficient personal knowledge or information and/or facts and probable cause and/or lawful privilege to detain and/or invoke his authority to arrest Plaintiff for the asserted violation of PC 288(a) oral copulation of a minor. Furthermore, under the totality of the circumstances, Plaintiff contends that exigent circumstances didn't exist.

63.   On September 9, 2016, during the initial contact with Det. Terry, Plaintiff alleges and contends that Det. Terry investigative approach toward Plaintiff was somewhat deceiving by deliberately did not informed Plaintiff initially of the allegations and started questioning Plaintiff of

physically hurting S.D.S., Plaintiff further alleges that
instead of properly informing Plaintiff the allegation, advice
him of his rights and afford Plaintiff the opportunity to be
heard in a meaningful manner and a meaningful time.  Plaintiff
contends that under the totality of the circumstances exigent
circumstances did not exist to justify the arrest and alleges
that the arrest was in retaliation to Plaintiff exercising his
rights under the First Amendment.  In particular, after
Plaintiff accepted and offered to comply after work with Det.
Terry's invitation to VPD station for further questioning and
the fact that Det. Terry did not present any court order and
or a warrant, Plaintiff believed that he was not in any legal
obligation to immediately abandon work after accepting to
comply with Det. Terry invitation. Plaintiff did not commit
any cognizable crime under the totality of the circumstances.
Furthermore, in light of Plaintiffs demonstrated actions under
the totality of the circumstances, there was no reasonable
cause to believe that Plaintiff will attempt to flee from the
authorities.

64.    Additionally, at that time of Plaintiffs arrest, the
fact that Plaintiffs stepson was under the care and custody of
Mr. Soliman the child is unlikely situated in imminent danger,
under the totality of the circumstances.  Plaintiff, further
contend that under the totality of the circumstances there was
no reasonable cause to suspect and/or to believe that an
immediate and serious consequences would certainly occur to
justify exigent circumstances.

65.   On September 9, 2016, Det. Terry unlawfully and arbitrarily arrested Plaintiff for the asserted violation of PC 288(a) oral copulation with a minor without probable cause, obtained an arrest warrant by providing a false affidavit as to protect his nonfeasance, egregious unlawful detention, arrest and imprisonment of Plaintiff in violation of his clearly established rights to be free from unlawful seizure of his person under the Fourth Amendment and Plaintiffs constitutionally protected liberty interest under the Fourteenth Amendment. Plaintiff further alleges that Det. Terry violated Plaintiffs Procedural Due Process under the Fourteenth Amendment by arresting Plaintiff and accusing him with unfounded allegations of child sex abuse, without verification or justification and/or due process of the law.

66.   Plaintiff further alleges and contends that under the totality of the circumstances the issuance of warrant by Judge Kam on September 9, 2016, instigated by Det. Terry, in want of probable cause violated Plaintiff's clearly established protected rights to be free from unreasonable seizure under the Fourth Amendment.

67.   Under the totality of the circumstances amounting to Plaintiffs' arrest there was no physical or medical corroborating evidence to support a reasonable ground to believe or suspect that the crime had indeed occurred and the fact that at that time, Det. Terry did not have sufficient personal knowledge of facts and information from a reasonable investigation as the basis for determination of probable cause therefore the arrest warrant obtained is void for lack of

sufficient personal knowledge to support determination of a
probable cause independently of any hearsay information such
as the uncorroborated statement of S.D.S. suggesting oral
copulation was committed by Plaintiff.  Plaintiff contends
that under the totality of the circumstances amounting to
incident of Plaintiffs arrest the issuance of the warrant of
arrest obtained by Det. Terry had been issued only upon the
belief of Det. Terry or mere suspicion, unsupported by the
facts to support his allegations of the crime.

68.    Det. Terry acted intentionally and his malfeasance
and wrongful arrest and imprisonment of Plaintiff, was a
substantial factor in causing him the harm herein above
described.

69.    Det. Terrys' conduct was outrageous, despicable,
malicious, oppressive and done with reckless disregard of the
effect that it would have and did have on Plaintiff.

**Second Cause of Action**

24 U.S.C § 1983 – 18 USC § 242

(Against Terry Shillinger in his professional and individual
capacity)

(Violation and Deprivation of 42 U.S.C. § 1981)

70.    Plaintiff re-alleges and incorporates herein by this
reference thereto all the allegations set forth on the first
cause of action above as if the same were repeated verbatim
herewith.

71.     At all relevant times herein described the conduct
of Det. Terry was subject to 42 U.S.C. § 1983.  At all
relevant times herein described, Plaintiff have Federally
protected right to sue, be parties, give evidence and to the
full and equal benefit of all laws and proceedings for the
security of his persons and property under 42 U.S.C. § 1981
Equal Rights under the Law, and Constitutionally Protected
rights under the Fourteenth Amendment.

72.     Plaintiff alleges and contends that Det. Terry
violated the Plaintiff and his wife's Fourteenth Amendment Due
Process rights by willfully and deliberately denying them of
fair procedure in the investigative process by not affording
them proper notice and reasonable opportunity to be heard and
to defend themselves from the accusations; and by failing to
follow reasonable investigative procedures and thoroughly
investigate the matter in an objective and professional
manner.

73.     Plaintiff further alleges that under the totality
of the circumstances Det. Terry intentionally and deliberately
deprived Plaintiffs of rights under the Fourteenth Amendment
Due Process and the Fourteenth Amendment Equal Protection of
the Law.  Furthermore, the demeanor of Det. Terry towards
Plaintiffs on September 9, 2016 was unreasonable and
oppressive and was done with reckless disregard to the rights
of Plaintiffs.

74.     Plaintiff further alleges and contends that Det.
Terry knowingly and willfully provided information regarding
his investigation, including the affidavit to obtain the

arrest warrant that was false and/or incomplete, for the purpose of depriving and violating Plaintiffs due process rights and equal rights protection under the law of the Fourteenth Amendment.

75.    In particular, Det. Terry filed a false affidavit in support of an application for a warrant as to protect his egregious malfeasance and nonfeasance to which Plaintiff was seized, arrested, imprisoned on September 9, 2016, without cause. Furthermore, Det. Terry knowingly and willfully provided information regarding his investigation that was false and incomplete to cause filing of the asserted violation of PC 288(a) oral copulation with a minor to which Plaintiff was detained, arrested and imprisoned unlawfully and unsuccessfully formally charged to this date.

76.    Plaintiff further alleges that Det. Terry misrepresented the events and his subsequent investigation from September 7, 2016 thru September 9, 2016 to misled prosecutor and to obtain a warrant as to protect himself from his egregious unlawful abuse of authority as more particularly set forth hereinabove.

77.    Plaintiff alleges and contends that the falsification of the reporting provided by Det. Terry was done deliberately and intentionally for the purpose of charging Plaintiff with the asserted violation of PC 288 (a) oral copulation with a minor, to mislead and induce others,  and to protect his egregious and unlawful detention, arrest and imprisonment of Plaintiff and the violation/deprivation of  of Plaintiffs Federally protected rights under 41 U.S.C. § 1981.

78.     Plaintiff also alleges and contends that on September 9, 2016 Det. Terry's animus towards Plaintiffs was racially motivated stemming from the continuing and unchecked unconstitutional custom and/or practices by members and/or police officers, including Det. Terry of the VPD police force who abuses their authority with the use of excessive force, unlawful arrest, and falsification of evidence towards the minorities and individuals residing within the city. Plaintiff believes that the unchecked widespread documented police racial discrimination practices within the city limits, proximately caused Det. Terrys' animus towards Plaintiffs.

79.     Plaintiff alleges that Det. Terry probably would had treated the Plaintiffs differently and respected their rights if they were Caucasians.

80.     The acts of Det. Terry were willful, wanton, malicious, and oppressive. Such acts, therefore, justify an award of punitive damages from Det. Terry.

**Third Cause of Action**

Violation of Civil Rights – 42 U.S.C. § 1983

(Against Terry Shillinger in his professional and individual capacity)

(Violation of Family Integrity)

81.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

82.   Plaintiff alleges and contends that Det. Terry acted under color of law to the intentional and willful violation of Plaintiff and his wife's family integrity under the Fourteenth Amendment by knowingly providing information regarding his investigation that was false and incomplete; and with knowingly and willfully filing false affidavit to cause false accusations     .

83.   Plaintiff further alleges and contends that under the totality of the circumstances amounting to the incident of arrest Det. Terry acted objectively unreasonable by deliberately and recklessly deprived Plaintiff of fairness with the investigative procedure, Fourteenth Amendment Equal Protection and Procedural/Substantive Due Process, under the law.

84.   Det. Terrys conduct was objectively unreasonabe, outrageous, despicable, malicious, oppressive and done with a reckless disregard of the reasonable foreseeable effect that it would have and did have on Plaintiff and to his family.

**Fourth Cause of Action**

Violation of Civil Rights – 42 U.S.C. § 1983

(Against Terry Shillinger in his professional and individual

Capacity)

(Breach of Duty, Violation of PC § 851.5 )

85.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

86.     The Commission on Peace Officer Standard Training, Regulation 1013 prescribed The Law Enforcement Code of Ethics shall be administered to every peace officer, during basic training, or at the time of appointment to ensure that all peace officers are fully aware of their individual responsibilities to maintain their own integrity and that of their agency. POST C-3-2 states, in its pertinent part: my fundamental duty is to serve mankind; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation… and to respect the Constitutional rights of all men to liberty, equality and justice… be constantly mindful of the welfare of others… I will enforce the law courteously and appropriately without fear or favor, malice or ill will… I RECOGNIZE the badge of my office as a symbol of public faith, and I accept it as a public trust to be held so long as I am true to the ethics of the police service…  I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession… law enforcement.

87.   Pursuant to POST C-3-2, Plaintiff alleges and contends that on September 9, 2016, Det. Terry breached his fundamental duties as a peace officer and the duties owed to Plaintiff. In particular, Det. Terry failed to protect Plaintiffs Constitutional rights to liberty, equality and justice by prematurely accusing Plaintiff of committing a crime without reasonable grounds, verification and or justification; and with the unreasonable arrest of Plaintiff

on an unfounded allegation of oral copulation with a minor
without reasonable grounds and due process of the law.

88.    Furthermore, Plaintiff alleges and contends that
under the totality of the circumstances, Det. Terry failed to
protect Plaintiffs welfare, and acted willfully with
deliberate indifference to the protection of Plaintiffs
welfare, and with reckless disregard to the finding of truth
by maliciously arresting Plaintiff without a cause and/or
reasonable verification and/or justification; and by willfully
and knowingly provided false information regarding his
investigation for the purpose of obtaining a warrant as to
protect his egregious malfeasance, nonfeasance and unlawful
arrest of Plaintiff.

89.    Plaintiff alleges and contends that Det. Terry has
breached his duty to protect Plaintiff's welfare and
Constitutional rights to liberty by depriving Plaintiff of
fairness and due process of the law.  Furthermore, Plaintiff
further alleges and contends that Det. Terry has acted in bad
faith in performing his moral and legal duty by malicious
falsification of reports including but not limited to
affidavit used to obtain a warrant, as to insulate his
misconducts and for the purpose of causing false criminal
charges filed against Plaintiff.

### Fifth Cause of Action

Violation of Civil Rights – 42 U.S.C. § 1985

(Against Amy Furlong in her individual capacity)

(Violation of Due Process, Family Integrity, Family
Association)

90.    Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

91.    At all relevant times herein, Plaintiff is husband to Lorna Monsalud (biological-mother, divorce court appointed primary caretaker and custodian) all three of them lived together as a family from the time when the child's age was a year old. Plaintiff supported his wife (stood as father) with the caring, nurturing and upbringing of their son.

92.    Plaintiff alleges and contends that Social worker Amy Furlong denied Plaintiffs of fair procedures throughout the investigatory process in violation of Plaintiffs rights under Fourteenth Amendment Due Process. In particular,  On September 7, 2016 and September 8, 2016, Social worker Amy Furlong conducted an interview with Mr. Soliman (first reporter) and with Plaintiffs' stepson concerning allegation of oral copulation, against Plaintiff and allegation of failure to protect a child from harm, against Lorna Monsalud (biological-mother). During the interview period, Social worker Amy Furlong made no reasonable effort to inform Plaintiffs of the allegations.

93.    Prior to the arrest of Plaintiff on September 9, 2016, Plaintiff and wife were not aware or have any knowledge of the allegations and of any ongoing investigations in violation of Plaintiffs due process right under the Fourteenth Amendment.

94.    Plaintiff further alleges that Social Worker Amy Furlong acted unreasonably and negligently with reckless disregard to the finding of truth from the initial handling of the investigation. Furthermore, the investigation and interviewing conducted by Social Worker Amy Furlong was biased towards Mr. Soliman. In particular, on September 8, 2016, at the conclusion of the interview conducted by Social Worker Amy Furlong on September 8, 2016, she quickly formed alliance with Mr. Soliman, and substantiated the report without further verification and reasonable justification.  Plaintiff and wife were not interviewed and not afforded proper notice of the allegations and of the ongoing investigation prior to Plaintiffs incident of arrest on September 9, 2016. Under the totality of the circumstances, Plaintiff alleges and contends that Social worker Amy Furlong deprived him of fair procedures, right to reasonable notice and the opportunity to challenge the allegation in violation of Plaintiffs due process under the Fifth Amendment and Fourteenth Amendment.

95.    Plaintiff contends that under the totality of the circumstances, Social worker Amy Furlong acted with deliberate indifference to the rights of Plaintiff by knowingly providing false information regarding her investigation report and RISKS assessment and violated Plaintiff's well-established due process right to Family Integrity under the Fourteenth Amendment.

96.    Plaintiff further contends that the reported false information instigated the false allegation PC 288(a) oral copulation with a minor against Plaintiff and the subsequent

arrest.   Plaintiff further contends that said false report
played a material role in the subsequent constitutional harm
inflicted upon Plaintiff by other defendants, and the tacit
reliance thereof caused injuries onto Plaintiff as herein
alleged. Social worker Amy Furlong violated the Plaintiff and
Lorna Monsalud's right to family integrity by fabricating
sexual abuse allegations, and a reasonable social worker could
not have believe that her actions were reasonable.

97.   Plaintiff also alleges and contends that Social
worker Amy Furlong seized the child in violation of the Fourth
Amendment on or after September 7, 2016 when she instructed
and/or prevented and/or coerced Mr. Soliman not to bring the
child back home while they conduct their investigation.

98.   Plaintiff further alleges and contends that exigent
circumstances did not exist for Social worker Amy Furlong to
assign custody of the child to Mr. Soliman without a court
order. At the time Social worker Amy Furlong assigned the
custody of the child to Mr. Soliman there is no corroborating
physical or medical evidence and reasonable justification, no
reasonable investigation or further inquiry was made; and
based on the totality of the circumstances there is no
reasonable cause to believe that the child is in imminent
danger of physical or sexual abuse if he remains in his home.

99.   Plaintiff also alleges and contends that Social
worker Amy Furlongs deliberate indifference to the right of
Plaintiff and reckless disregards to the finding of truth was
the proximate cause of inadequacy in training, procedural
knowledge, experience and superior guidance.

100.   Social worker Amy Furlong, under the totality of the circumstances, failed to perform her legal duty to investigate said report in good faith, and to protect the right of Plaintiff from unfounded and unwarranted allegations of child sex abuse by deliberately denying Plaintiff of fairness and reasonable procedure and maliciously provided false information regarding her investigation to caused false child sex abuse allegation on Plaintiff.

101.   The acts of Social worker Amy Furlong was willful, wanton, malicious, and oppressive and was done with reckless disregard to the Federally and State protected rights and to the foreseeable harm it would have cause and did have on Plaintiff and to his family.   Such acts, therefore, justify an award of punitive damages from Social worker Amy Furlong.


**Sixth Cause of Action**

Deprivation of Rights – 42 U.S.C. § 1985

(Against Terry Shillinger and Amy Furlong in their individual capacities)

(Violation and Conspiracy to Violate 42 U.S.C. § 1981)


102.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

103.   At all relevant times herein described the conduct of Det. Terry and Social worker Amy Furlong acted under color of law and was subject to 42 U.S.C. § 1983.   At all relevant

1   times herein described, Plaintiff have well established
2   protected rights from unreasonable seizures, rights to the
3   association and the care of their child; to sue, be parties,
4   give evidence and to the full and equal benefit of all laws
5   and proceedings for the security of his persons and property
6   under the Constitutions and 42 U.S.C. § 1981 Equal Rights
7   under the Law.

8       104.  Plaintiff alleges that Det. Terry and Social worker
9   Amy Furlong collaborated with one another for the purpose of
10  depriving Plaintiff of his right to the equal protection of
11  the law by deliberate denial of Plaintiffs rights to attend,
12  and to meaningfully participate in, the investigative
13  proceeding through which Plaintiff was deprived of right to be
14  properly notice and defend himself/themselves from the
15  accusations being made against Plaintiffs. As the result of
16  the Defendants action above-mentioned, Plaintiff was
17  arbitrarily seized and falsely accused of PC 288(a) oral
18  copulation of a minor without justifications; without
19  reasonable and/or complete investigation made by the
20  defendants and more specifically without any lawful evidence
21  to justify the unreasonable seizure of Plaintiff's person in
22  violation of his right under Fourth Amendment Unreasonable
23  Seizure.

24      105.   Plaintiff also alleges and contends that Det. Terry
25  and Social worker Amy Furlong collaborated with each other and
26  conspired to deprive Plaintiffs of due process under the
27  Fourteenth Amendment by providing information regarding their
28  investigation that was false and incomplete.

106.    Plaintiff also alleges and contends that by submitting the false information in their report the Defendants caused filing of false child sex abuse allegation against Plaintiff and that the false allegation violated Plaintiffs Due Process to Family Integrity under the Fourteenth Amendment.

107.    Plaintiff further alleges that Plaintiff's arrest and the separation of S.D.S from Plaintiffs without a court order, notice to the primary custodian of S.D.S., and consent violated Plaintiffs First Amendment Right to Familial Association.

108.    Plaintiff further alleges and contends that under the totality of the circumstances Social worker Amy Furlong and Det. Terry knowingly, willfully, intentionally and maliciously acted under color of law, conspired among each other for the purpose of subjecting Plaintiff to unreasonable deprivation of his liberty and to false child sex abuse allegation by collaborating with one another to providing information regarding their investigation that was false and incomplete.  Plaintiff further alleges that the false information provided by Defendants subjected Plaintiff to arbitrary deprivation of his Constitutionally protected rights and that the false information provided with their investigation on Plaintiff asserting the violation of PC 288(a) oral copulation with a minor induced others to deprived Plaintiff of Equal Protection under the law.  Plaintiff further alleges that the false information provided by the Defendants has instigated filing of false child sex abuse

allegation and induced the issuance of a warrant for the purpose of preventing and depriving Plaintiff of his rights equal protection under the law.

109.    Plaintiff further alleges and contends that under the totality of the circumstances amounting to the incident of Plaintiff's arrest on September 9, 2016 the Defendants acted willfully and in cohort of each other with the purpose of depriving Plaintiffs of their rights to be properly informed of the allegations and the opportunity to be heard and challenge the accusations at a meaningful time and in a meaningful manner in violation of Plaintiffs Procedural Due Process under the Fourteenth Amendment.

110.    Social worker Amy Furlong and Det. Terry failed to perform their moral and legal duties in good faith, and to protect the right of Plaintiffs from unfounded and unwarranted allegation of child sex abuse.

111.    Social worker Amy Furlong and Det. Terry's conduct was outrageous, despicable, malicious, oppressive and done with reckless disregard of the effect that it would have and did have on Plaintiff.

112.    Plaintiff also alleges and contends that inadequate training, experience, procedural knowledge and supervisory guidance proximately has caused the deliberate indifferences of the Defendants to the rights of Plaintiffs.

113.    Plaintiff has suffered Constitutional injuries as the results of the Defendants above-mentioned conducts.  The Defendants conducts was substantial factor to causing Plaintiffs the harm herein alleged.

**Seventh Cause of Action**

Deprivation of Civil Rights – 42 U.S.C. § 1983

(Against VPD Chief of Police Andrew Bidou, VPD Lt Commander

Jeff Basset, CPS Supervisor in their Professional and

Individual capacities)

(Superior Liabilities)

114.    Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

115.    Plaintiff alleges and contends that the inaction of Andrew Bidou and Jeff Basset in the face or a widespread documented incident involving VPD with repeated allegations of police misconducts Andrew Bidou and Jeff Basset failed to discipline, train, and supervise their subordinates and take measures to the areas where there is an obvious need to take an action and to prevent further constitutional rights violation of individuals residing within the City.

116.    Plaintiff further alleges that Jeff Basset tacit authorization of the alleged offensive conduct of Det. Terry and exoneration of the complaint without proving Plaintiff adequate explanation and information regarding their investigation and findings amounts to deliberate indifference to the violations of Plaintiffs rights and individuals of whom VPD comes in contact with.  Jeff Basset's knowledge of his subordinates engaging in pattern and custom that poses risks of unreasonable constitutional harm and his acquiescence and

inaction to discipline and re-train his subordinates indicated Jeff Basset's deliberate indifference to the Constitutional rights violations of individual residing in the City by his subordinates and or VPD police officers. Plaintiff further alleges that Andrew Bidou in the face of the widespread documented report of police misconducts, Andrew Bidou has failed to act and correct the issues in the areas where there is an obvious need for an immediate action including but not limited to adequately train and or discipline Jeff Basset and his subordinates.

117.   Plaintiff further alleges that Jeff Basset deliberate indifference, acquiescence and inaction despite having actual knowledge of the complaint filed by Plaintiff against Det. Terry alleging investigative performance that poses risks of unreasonable Constitutional harm to Plaintiff and other individuals similarly situated from unwarranted and unfounded allegations of child sex abuse. Plaintiff further contends that Jeff Basset's inaction and failure to protect Plaintiffs welfare and Constitutional rights pursuant to The Commission on Peace Officer Standard Training subjected Plaintiff to the deprivation of Equal Protection under the law in violation of Plaintiffs Fourteenth Amendment Equality under the Law.

118.   Plaintiff alleges that the Defendant CPS Supervisor (hereinafter "CPS Supervisor") failed to act in light of his/her knowledge of information contained in the CPS Solano County Grand Jury Report from the year 2001 thru 2005 which was submitted to the Solano County Board of Supervisors and to

the Director of the Department of Health and Social Services
in which the Child Protective Services is under. The Grand
Jury report indicated that the CPS has failed to meet its
expectations of self improving in four consecutive years.
There were findings of custom and practices that poses risks
of violating due process rights of suspect. In particular, the
submission of the suspects name to CACI without prior notices.
Furthermore, the Solano County Grand Jury report submitted
their concerns and recommendations to the Solano County Board
of Supervisors and to the Director of Department of Health and
Social Services.  Upon information there were recommendations
to include CPS with the agencies that needed a yearly visit
and review from the Solano County Grand Jury. There were no
further CPS Grand Jury report since 2005.  Plaintiff further
alleges and contends that the Grand Jury report indicated CPS
has failed to self-improve for four consecutive years (2001-
2005) and despite of this knowledge CPS Supervisor failed to
act and correct the reported concerns regarding the training,
custom and patterns that has negative results with social
worker in their performance and ability to properly provide
services to the families. The CPS failures to correct and self
improve for four years amounts to CPS Supervisor's deliberate
indifference to the rights of Plaintiff and individuals
similarly situated from unwarranted and unfounded allegations
of child sex abuse.

119.    Plaintiff also alleges and contends that Jeff
Basset's tacit authorization of the alleged offensive practice
by Det. Terry, that poses risks of reasonable constitutional

injury to Plaintiff and individuals residing within the City, and exoneration of the complaint without providing Plaintiff adequate information and or explanation regarding their investigation and findings constitutes to "deliberate indifference" to the violations of the rights of Plaintiff and individuals residing within the City and of whom the agency comes in contact with.

120.    Plaintiff further alleges and contends that the tacit authorization of the alleged offensive conduct and the subsequent exoneration of the complaint filed against Det. Terry without adequate explanations indicated the existence of an unofficial policy that authorizes police officers including but not limited to Det. Terry, and or members of VPD, to violate the rights of minorities and the individual residence of the City of Vallejo.

121.    Plaintiff further alleges that the tacit authorizations of the alleged offensive conduct of Det. Terry was the proximate caused of Det. Terry's deliberate indifference to Plaintiffs rights.

122.    Plaintiff further contends that Jeff Basset's failure to supervise, discipline and review his subordinates service and performance which has allowed the continuance of police misconducts unchecked.

123.    Plaintiff further alleges that in light of the widespread documented reports involving members of VPD with similar allegations of abusing their authority Jeff Basset has failed to act on the areas where there is an obvious need to act in order to protect the rights of the individuals residing

within the City from further violations by members of the VPD police force.

124.   The above-mentioned conducts of the Defendants was substantial factor in causing Plaintiff the harm herein above described.

## Eight Cause of Action

Violation of Civil Rights – 42 U.S.C. § 1983

(Against City of Vallejo)

(Municipal Liability)

125.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

126.   The Vallejo Police Department is not a separate entity with the City of Vallejo.

127.   Plaintiff further alleges that the City of Vallejo has failed to protect the rights of individuals residing within the city limits from members of the city's police force by their acquiescence and inaction in the face of widespread documented incident of abuse involving its city police force with allegations including but not limited to, abuse of authority, excessive use of force, unlawful arrest and falsifying evidence.  Upon belief, findings of Monnel claim against the City of Vallejo are found throughout the court of the California and in the face of city's actual knowledge of these court findings including but not limited to the widespread documented incidents of similar allegations of

abuse, the inaction of the City of Vallejo to act and train or discipline its subordinates in the obvious area that needed immediate attention and the city's failure to adopt and follow reasonable rules and regulation and to protect the rights of its citizens from further violations of their rights amounts to deliberate indifference to the rights of the individuals, including Plaintiff, and the minorities residing within the city jurisdiction.

128.    Plaintiff further alleges and contends that the City's inaction to the violations of Constitutional rights of Plaintiff and individual residing within the City of Vallejo, by acquiescence in the face of widespread documented reports of police misconducts and failure to follow and adopt to a reasonable rules and regulation and prevent Constitutional violations amounts to the City's deliberate indifference to the protection of the rights of the individuals residing within the City's jurisdiction.

129.    Plaintiff further contends that the tacit authorization of the alleged offensive conduct of Det. Terry and the subsequent exoneration of the complaint without an adequate explanation and information indicated the existence of an unofficial policy authorized by the Chief of Police Andrew Bidou which allowed members of the City's police force with violations of Plaintiffs rights, unchecked.

130.    Plaintiff further alleges that the unofficial policy was the proximate cause for the violation of Plaintiff's rights including the rights of minorities and individuals residing within the City of Vallejo.

**Ninth Cause of Action**

Deprivation of Civil Rights – 42 U.S.C. § 1983

(Against Terry Shillinger, Andrew Bidou, Jeff Basset, Amy Furlong, CPS Supervisor in their individual and official capacities and against the City of Vallejo, and County of Solano as municipalities)

(Violation and Conspiracy to Violate Title 5 U.S.C. § 556 (d))

131.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

132.   Plaintiff alleges and contends that the defendants collaborated with each other for the purpose of depriving Plaintiff of rights to the discovery of claims by concealing public documents and record including but not limited to, the affidavit submitted by Det. Terry to obtain the arrest warrant signed by Solano County Honorable Judge Kam on September 9, 2016; and refusal to provide the police report and/or rejection to provide the documents and/or records requested under the Freedom of Information Act by Plaintiff's former attorney. (See Exhibits: 7-8)

133.   Plaintiff further alleges and contends that the Defendants collaborated with each other, acted individually and or in concert with one another for the purpose of depriving Plaintiff of the rights to a discovery of Claim, rights to be informed and to defend himself from the allegation in a reasonable place, and at a reasonable time.

134.    Plaintiff alleges that these Defendants acted with the purpose to deny Plaintiffs of the rights to confront his accusers in a court of law, to view and to investigate the evidence and or report which was the basis of the determination and the decision for their conducts towards Plaintiffs and the perpetuation of the unfounded child sex abuse allegation without affording Plaintiffs the right to confront his accusers in a court of law.

135.    Plaintiff alleges that the Defendants deprived him of his right to know the basis for the Plaintiff's arbitrary deprivation of liberty interest and the unreasonable seizure of his Person on September 9, 2016 by the concealment of public documents and the investigative reports.  Upon information the affidavit used for the application of an arrest warrant submitted by Det. Terry is a public document which Plaintiff was unable to find and obtain from court records.

136.    The denial of Plaintiff's right to confront his accuser in a court of law for over a year from the time Plaintiff was arbitrarily deprived of liberty on September 9, 2016 to this date, without any opportunity to discover the basis of the decision and/or determination for their egregious conducts and the unlawful detention, arrest and imprisonment of Plaintiff deprived him of rights to the Equal Protection of the Law and the rights to due process.  As a legal results, of not having the opportunity to face Plaintiffs accuser in court Plaintiff continues to incur injuries from the perpetuation of the false allegation against Plaintiff for the asserted

violation of PC 288(a) oral copulation with a minor. Plaintiff has suffered Constitutional injuries as indicated in the above causes of actions herein alleged, including but not limited to the undue legal costs and financial burden of Plaintiffs in defending himself from the false allegations and to retain freedom.  The defendants actions was unreasonable, oppressive, malicious and was done with reckless disregards to the rights of Plaintiff and to the results that it would have and did have on Plaintiff and to his family.

137.   The conducts of the Defendants above-mentioned herein was substantial factor to causing Plaintiffs the harm herein alleged.

**Tenth Cause of Action**

Violation of Civil Rights - 42 U.S.C. § 1983

(Against County of Solano)

(Municipal Liabilities)

138.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

139.   Plaintiff alleges and contends that the County of Solano has failed to adopt and follow reasonable rules and regulation and to protect the rights of Plaintiff and individuals similarly situated from unfounded and unwarranted allegation of child sex abuse in the face of repeated findings of inadequacy of training policy and investigative procedures; including but not limited to, custom and practices that poses

unreasonable Constitutional harm to individuals of whom the
agency comes in contact-with.

140.    Plaintiff further contends that the inaction of the
County of Solano in light of the Child Protective Services
Solano County Grand Jury investigation report on the agency's
repeated failure to self-correct for the year 2001 - 2009
amounts to deliberate indifference to the Constitutional
rights of Plaintiff and individuals residing within the County
jurisdiction of whom the agency comes in contact and similarly
situated with unfounded and unwarranted allegations of child
sex abuse. the County has failed to act while having actual
knowledge of the obvious issues that needed correction to
prevent Constitutional violations. sit   of Child Protective
Services agency . Upon information Solano County Board of
Supervisor has actual knowledge of Child Protective Services
Solano County Grand Jury Report for the year 2001 - 2005.   The
Grand Jury Report revealed findings inadequate training policy
that has negative effect on the performance of social workers,
including but not limited to findings of patterns and customs
within the department that poses risks of constitutional
violations.   Upon information, CPS has failed to self-correct
for four consecutive years (2001-2005) with the same findings
on the most recent Solano Grand Jury report for the year 2008-
2009 and the County's inaction in the face of a repeatedly
documented findings of concerns that poses risks of
unreasonable constitutional harm amounts to County's
deliberate indifference to the rights of Plaintiff and
individuals similarly situated from unfounded and unwarranted

allegations of child sex abuse and of whom the agency comes in contact with.

141.   Plaintiff alleges and contends that in light of County's actual knowledge of the CPS Solano County Grand Jury ("G.J.") reports during the year of 2001 - 2009 where findings of the agency's repeated failings to self-correct, the County did nothing on the obvious areas of the issue that needed action to prevent constitutional harm. Plaintiff further alleges and contends that the County's failure to take the necessary actions in response to the G.J. findings and documented reports found at http://www.solano.courts.ca.gov/GrandJury/GrandJuryReports2008 2009.html; and the County's inaction to make corrections on findings originating since 2001-2002 reports; provide adequate training, supervising the disciplining of subordinates has caused Social worker Amy Furlong's deliberate indifference to the right of Plaintiff.

142.   Plaintiff further alleges and contends that the County's deliberate indifference to the protection of Constitutional rights including but not limited to, the subsequent authorization of the alleged offensive practice by Social worker Amy Furlongs conducts (see Exhibit 2 ) indicates the existence of an unofficial municipal policy that allowed violations of Federally protected rights and Constitutional rights of individuals, including but not limited to Plaintiff, residing within the county jurisdictions.

143.    Plaintiffs further alleges and contends that the unofficial policy authorizes the deliberate violation of Plaintiff's Statutory and Constitutional rights.

### Eleventh Cause of Action

Malice, Intentional Infliction of Emotional Distress

Against Henry Soliman in his individual capacity

144.    Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

145.    Plaintiff alleges and contends that Mr. Soliman acted unreasonable under the totality of the circumstances and in retaliation against Plaintiff from a previous incident of which Plaintiff and Mr. Soliman had disagreement regarding the care and disciplining the child under the care of Plaintiff.

146.    Plaintiff alleges and contends that Mr. Soliman gave false/unverified statement during the interview between September 7, 2016 and September 8, 2016 and the false information provided by Mr. Soliman violated Plaintiff's right to family integrity under the Fourteenth Amendment; Furthermore, Mr. Soliman's deliberate withholding of information regarding the investigation and allegations violated Plaintiff's due process under the Fourteenth Amendment.

147.    Plaintiff further alleges and contends that prior to the alleged incident, Mr. Soliman made previous allegations against the child's elder stepbrother and against the child's

stepsister's husband for allegedly abusing the child and has
previously stated that he wanted full custody of the child
from Lorna Monsalud.

## Twelve Cause of Action

## 42 U.S.C § 1983

## (Against City of Vallejo)

## (Negligence in Training and Hiring Police Personnel)

148.    Plaintiff re-alleges and incorporates herein by
this reference thereto all the allegations set forth above as
if the same were repeated verbatim herewith.

149.    The American Diabetes Association (A.D.A.)
published "Diabetes and Discrimination" where findings of city
liability for failing to train police personnel for handling
people with diabetes in police custody. Publication found at:
http://www.diabetes.org/living-with-diabetes/know-your-
rights/discrimination/diabetes-forecast-article-jail-sept-
2003.html. Plaintiff alleges and contends that Det. Terry's
deliberate indifference to the welfare of Plaintiff after
having actual knowledge of Plaintiff's diabetes was the
proximate cause of the City's failure to train and/or provide
training on diabetes and on handling people in police custody
with diabetes condition.

150.    Plaintiff further alleges that despite of his
repeated food request Det. Terry ignored him throughout the
whole time Plaintiff was detained without considering
Plaintiff was under his custody since 11:30am till

approximately 4:00 in the afternoon when Plaintiff was transported to the Fairfield Correctional Facility.

151.   Plaintiff alleges and contends that the City's poor supervision and failure to provide the necessary training to its subordinates was the proximate cause of Det. Terry's deliberate indifference to the welfare of Plaintiff.

152.   Plaintiff further contends that as a result of City's negligence to train and educate police personnel on diabetes Plaintiff was deprived of Constitutional right to be free from deliberate indifference to his serious medical needs while in the custody of the Vallejo Police Department. As such Plaintiff seeks an award of compensatory damages against the City of Vallejo.

### Thirteenth Cause of Action

### Civil Rights Violation - 42 U.S.C. § 1983

(Against District Attorney of Solano County, KRISHNA A. ABRAMS and Deputy District Attorney of Solano County, ADAM C. WRIGHT

in their individual and professional capacities)

(Professional Misconduct in Violation of Rule 3.8 Special

Responsibilities)

153.   Plaintiff re-alleges and incorporates herein by this reference thereto all the allegations set forth above as if the same were repeated verbatim herewith.

154.   At all relevant times herein described, Plaintiff did not waive any rights to a pretrial or preliminary hearing or consented to any deprivation of right to a speedy trial under the Sixth Amendment of the United States Constitution.

155. Upon information and belief, these Defendants as Prosecutors owed Plaintiff a special responsibility under Rule 3.8 and under the totality of the circumstances these Defendants deliberately denied Plaintiff a duty of care to protect the rights of Plaintiff from the foreseeable reasonable harm that it would have and did have on Plaintiff from failing to perform their special responsibility.

156. Plaintiff further alleges and contends that these Defendants acted willfully with deliberate indifference to the rights of Plaintiff and the finding of truth.  In particular, these Defendants willfully perpetuated the prosecution while knowing it lacked support of a probable cause in violation of Rule 3.8(a).

157. Plaintiff also alleges and contends that these Defendants denied Plaintiff of duty of care to advice of his rights to, and the procedure for obtaining counsel in violation of Rule 3.8(b).

158. Plaintiff alleges that without consent these Defendant deprived Plaintiff of pretrial rights and the right to a preliminary hearing ( see Exhibit  ) in violation of Rule 3.8(c).

159. Plaintiff further alleges and contends that these Defendants failed to fairly participate and perform their duty with the delegations of the investigatory process; undertake further investigation in a timely manner.

**160.**   In particular, from September 9, 2016 to this day Plaintiff was arrested for the asserted violation of PC 288(a) and denied of right to a hearing and counsel; no evidence has

1   been presented to Prosecutor to file formal charges on
2   Plaintiff.   Defendants failed to refrain and exonerate
3   Plaintiff while knowing affiants accusation of a crime against
4   Plaintiff unsupported by probable cause; Plaintiff continues
5   to sustain injuries to reputation, mental anguish, dignity
6   including but not limited to undue financial burdens from the
7   Bail Bonds, hospitalization and related legal fees.

8                           **PRAYER FOR RELIEF**

9            WHEREFORE, Plaintiff Maynard Edralin Bumagat, demands
10   judgment against Defendant, and each of them, jointly and
11   severally (except as to punitive damages) as follows:

12   1.    For general damages a total award of $ 1,000,000.00
13   2.    For all available and appropriate special damages
14         according to proof at trial;
15   3.    Punitive damages against Terry Shillinger for
16         punishment and to deter in the amount of $ 150,000.00
17         U.S. dollar.
18   4.    Punitive damages against Amy Furlong for punishment and
19         to deter in the amount of $ 150,000.00 U.S. dollar.
20   5.    Punitive damages against City of Vallejo for punishment
21         and to deter in the amount of $ 750,000.00 U.S. dollar.
22   6.    Punitive damages against Adam C. Wright and Krishna A.
23         Adams for punishment and to deter in the total amount
24         of $ 100,000.00 US dollar.
25   7.    Punitive damages against Solano County for punishment
26         and to deter in the amount of $ 750,000.00 US dollars.
27
28

8.  Punitive damages against to be identified companion of Terry Shillinger in the amount of $ 10,000.00 US dollar.

9.  Punitive damages against Andrew Bidou and James Basset in the total amount of $ 100,000.00 US dollars.

10. Statutory damages as provided by law, including treble damages.

11. Such other relief as the Court deems just and proper.

Date this 24st day of September, 2017

Maynard E. Bumagat
Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BUMAGAT, MAYNARD E.

## DEFENDANTS

CITY OF VALLEJO ; SOLANO COUNTY

**(b)** County of Residence of First Listed Plaintiff   SOLANO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SOLANO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
CIVIL ACTION FOR DEPRIVATION OF RIGHTS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Attachment 2**

CIVIL COVER SHEET – ATTACHMENT

DEEENDANTS:

Continuations;

City of Vallejo Police Department Chief of Police  Bidou, Andrew
City of Vallejo Police Department Lt. Comm. Basset, James
City of Vallejo Police Department Detective Shillinger, Terry
Solano County District Attorney Abrams, Krishna A.
Solano County District Deputy Attorney Wright, Adams C.
Solano County Fairfield Child Protective Services Social worker Furlong, Amy
Solano County Fairfield Child Protective Services to be identified Social worker
Supervisor
Henry Soliman, Private individual

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUMAGAT, MAYNARD E | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| SOLANO COUNTY, ET AL | ) 2:17-CV 2022-FJM-AC PS |
| Defendant | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: SOLANO COUNTY ADMINISTRATION CENTER, 675 TEXAS ST. #1500, FAIRFIELD CA 94533

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 9/28/17

_____
*Signature of the attorney or unrepresented party*

MAYNARD E. BUMAGAT
*Printed name*

341 CAROLINA ST. #B, VALLEJO CA 94590
*Address*

maynardbumagat@gmail.com
*E-mail address*

707 980-4062
*Telephone number*

**Attachment 4**

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

EASTERN DISTRICT OF CALIFORNIA

BUMGAT, MAYNARD E
_____
Plaintiff
)
)
v.
)
COUNTY OF SOLANO, ET AL
_____
Defendant
)
)
)

Civil Action No.

2:17 - CV   2022-~~KJM~~ AC PS

## WAIVER OF THE SERVICE OF SUMMONS

To: MAYNARD E. BUMGAT
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 9/28/17

MAYNARD BUMGAT
_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**Attachment 5**