UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT, Plaintiff, v. TERRY SHILLINGER, et al, Defendants. | No. 2:17-cv-02022-KJM-AC<br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 6. Plaintiff is bringing his civil rights case under 42 U.S.C. § 1983 and other federal laws as a self-represented litigant proceeding in forma pauperis. ECF No. 1, 2, 3 and 6.

**I.     Motion**

Plaintiff requests that the court appoint counsel, asserting that he is not familiar with the legal process and lacks the financial ability to retain an attorney. ECF No. 6 at 2.

**II.     Analysis**

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted). In exceptional circumstances, the court may request an attorney to voluntarily to represent a plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether

1

1 | "exceptional circumstances" exist, the court must consider the likelihood of success on the merits
2 | as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
3 | legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex, and based on the complaint plaintiff appears to be capable of articulating his position. <u>See</u> ECF No. 1. Plaintiff's assertion that he cannot afford legal counsel is not an exceptional circumstance; it is in fact a position common to all litigants proceeding in forma pauperis. ECF No. 6 at 2. Appointment of counsel therefore is not appropriate.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 6) is DENIED.

IT IS SO ORDERED.

DATED: October 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE