UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT, | No. 2:17-cv-02008-TLN-GGH |
| Plaintiff, | |
| v. | ORDER |
| TERRY SHILLINGER, et al., | |
| Defendants. | |

The County defendants' Motion to Dismiss for failure to serve process and plaintiff's Motion to Strike Affirmative Defenses pleaded by the City defendants' came on for hearing on this court's April 5, 2018 calendar. Katelyn M. Knight appeared for the City Defendants and Raymond Bangle, III appeared for the County defendants. Plaintiff appeared in pro se. After discussion among the parties the following agreements were arrived at.

1. Plaintiff agreed to dismissal of an essentially duplicative action brought on the same facts and against the same parties filed as case number 2:17-cv-2022-TLN-GGH leaving the present case as the only active litigation between these parties.

2. All parties agreed that the complaint denominated the Fourth Amended Complaint shall be the operative complaint going forward. ECF No. 26.

3. Plaintiff will serve the Fourth Amended Complaint on the County defendants through the U.S. Marshal as instructed in this Order.

1

4. The City will file an amended answer to the Fourth Amended Complaint and will provide sufficient facts regarding the affirmative defenses raised to give the plaintiff fair notice of the defense terms sufficient to allow him to do discovery if necessary. The example given regarding an insufficient defense was the sixth affirmative defense which stated only that "any of plaintiff's alleged damages or injuries were aggravated by plaintiff's failure to use reasonable diligence to mitigate them." ECF 18 18:14-16. The fair notice required as to this defense is what, in general terms, plaintiff could or should have done to mitigate.

The City's counsel also agreed that she would revisit the numerous affirmative defenses in order to determine whether she had sufficient information to provide "fair notice," and if not, whether she should withhold the defense given that, as the court informed her, she could move to amend the Answer if and when such facts were developed and good cause was shown.

Finally, the court addressed the plaintiff's request to file a document under seal, explaining that evidentiary documents were not to be filed with the court, except in connection with a motion or for use at trial. Further, the court cannot seal a filing without the moving party having provided the basis therefor as required by Eastern District of California Local Rule No. 141. Plaintiff is hereby notified that he can acquire a copy of these Local Rules at the office of the Clerk of the Court, 501 I Street, Sacramento 95814, Fourth Floor, or online (Google: "Eastern District of California."

In light of the foregoing IT IS HEREBY ORDRED that:

1. Case number 2:17cv-2022 TLN GGH is dismissed by plaintiff, and the Clerk shall close case number 17-2022.

2. The City defendants will file a new answer, including modified affirmative defenses, to the Fourth Amended Complaint, ECF No. 26, within 14 days of the date of this order;

3. Plaintiff's Motion to file a document under seal, ECF No 37 is DENIED;

4. County defendants' Motion to Dismiss for failure to serve is granted with leave to effect service, and plaintiff (though the Marshal) is ordered to serve the Fourth Amended Complaint on the following County defendants:

|   |   |   |   |
|---|---|---|---|
| 1 | | a. | County of Solano |
| 2 | | b. | Amy Furlong |
| 3 | | c. | Krishan Abrams; |

5. Clerk of the Court shall send plaintiff one USM-285 form for each of the named defendants, one summons, a copy of the Fourth Amended Complaint, an appropriate form for consent to trial by a magistrate judge, and the court's status order;

6. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this Order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

   a. One completed summons for each defendant;

   b. One completed USM-285 form for each defendant;

   c. One copy of the endorsed filed complaint for each defendant, with an extra

   d. copy for the U.S. Marshal;

   e. One copy of this court's status order for each defendant; and

   f. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

10. This Order resolves ECF Nos. 11, 22, 23, 24, 25 and 27.

////

////

11. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

**IT IS SO ORDERED.**

Dated: April 10, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE